This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lisa Y. ("Lisa"), appeals from a judgment of the Medina County Court of Common Pleas, Probate Division that denied her plea for a change in surname for three minor children born of a marriage to Appellee, Dennis P. ("Dennis"). We affirm.
 I.
{¶ 2} Lisa and Dennis were married in 1985. Three children were born of the marriage: M.D.P., born December 28, 1990; M.E.P., born March 20, 1993; and S.D.P., born April 25, 1995. The parties divorced July 29, 1997. Lisa remarried September 6, 1997 to Lane Y. ("Lane"), and Lisa took his last name. A fourth child, not a party to this action, was born of the later marriage and also carries Lane's surname. Lane sought to adopt the children of Lisa and Dennis, but the petition was denied. His appeal of the denial was unsuccessful.
{¶ 3} In the case sub judice, Lisa applied to change the last name of the children to her current surname. The trial court conducted an evidentiary hearing, and found that reasonable and probable cause did not exist to change the children's names and it would not be in the best interest of the children to do so. Lisa timely appealed, raising one assignment of error.
 II. Assignment of Error
{¶ 4} "THE TRIAL COURT ERRED IN DENYING THE MOTHER'S APPLICATION TO CHANGE THE NAME OF HER THREE CHILDREN FROM ["P."] TO ["Y."] AS THE ELEMENTS OF IN RE: WILLHITE WERE SATISFIED."
{¶ 5} In her sole assignment of error, Lisa argues that the facts of this case satisfy the elements proposed in the controlling case, In reWillhite, and therefore the name change should be effectuated. We disagree.
{¶ 6} Name changes for minors are governed by R.C. 2717.01. The standard for deciding whether to permit a name change is "proof that *** the facts set forth in the application show reasonable and proper cause for changing the name of the applicant." R.C. 2717.01(A); In re Willhite
(1999), 85 Ohio St.3d 28, 30. In order to determine if reasonable and proper cause has been established, a court must consider the best interest of the child. Willhite at 32. In determining the best interest of the child, the trial court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has been using a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest. Id.; Bobo v. Jewell (1988),38 Ohio St.3d 330, paragraph two of the syllabus.
{¶ 7} We review for an abuse of discretion. State ex rel. WCCSEAv. Felter (Dec. 22, 1999), 9th Dist. No. 98CA0059 at 4-5. This Court will not substitute its judgment for that of the trial court absent an abuse of discretion. Id. "An abuse of discretion is an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary." Id.
at 5.
{¶ 8} In the hearing, the trial court heard testimony from Lisa, Dennis, Lane, M.E.P. and M.D.P. The trial court heard that Lisa receives support in the form of Social Security benefits due to Dennis' disability. Lisa testified that she has not received any gifts on behalf of the children from Dennis. She did receive notice of certified mail that she knew was from Dennis, and which she neglected to retrieve from the post office.
{¶ 9} The testimony indicated that Dennis was making progress in recovering from his disability, that he had traveled to Yugoslavia from September 23, 2001 to February 2, 2002, and that he had bought but not shipped presents to his children. Dennis' hearing exhibits include the certified mail he had sent to the children and which Lisa did not retrieve.
{¶ 10} According to their testimony, Lisa and Lane have been married for approximately four and a half years, and have a child of their union. Lisa's testimony was that she wished all her children to have Lane's last name in that they function as a family, and the children consider Lane as their father. Dennis' children have all used his last name since birth, and use his name in school records. However, when one child was listed in a school program as a participant, she requested that she be listed with Lane's last name. Lisa testified that she felt it would be more comfortable and less embarrassing for the children if their surname was the same as her surname.
{¶ 11} Lane testified that he considered the children as his own, that they form a family unit, and that he provides life's necessities for them.
{¶ 12} In reaching a final judgment, the trial court applied the factors of Willhite. The trial court found that although the children are close to Lisa, and estranged from Dennis, to change their name would further disassociate them from Dennis. In addition, the trial court stated that although the children identify themselves as part of Lisa and Lane's family unit, they have been using Dennis' surname for their entire lives. The two older children expressed a preference for a name change. Nevertheless, the trial court found that the reasons stated by all for a change is simply convenience and comfort. The trial court found that, in an age of blended families, there is no extraordinary discomfort or embarrassment in this case. Further, there is no indication that Dennis has so sullied his name that to be associated with him would cause the children great embarrassment or discomfort. Lastly, the trial court found that the relationship between Dennis and Lisa remains acrimonious and there has been little progress with establishing contact between Dennis and the children.
{¶ 13} Given the testimony and the trial court's application of the facts to the Willhite factors, we find no abuse of discretion. Lisa's sole assignment of error is overruled.
SLABY, P.J. and CARR, J., CONCUR.